RICHARD L. HOLMES, Retired Appellate Judge.
This is a paternity case.
On January 11,1991, the State of Alabama, on behalf of J.J.S. (mother), filed a complaint in the district court, seeking an adjudication of paternity and seeking child support. This complaint stated that the mother had named S.L.C. as the father of one of her minor children, C.M.J. (child).
S.L.C. filed an answer, wherein he denied that he was the person charged with the duty of supporting the child. S.L.C. also filed several amended answers, wherein he raised numerous defenses, including that the State lacked standing and was not a real party in interest, that the court lacked subject matter jurisdiction, that all necessary parties were not included in the action, and that the action was barred by the applicable statute of limitations and by res judicata.
In June 1993, prior to a hearing on the merits, the district court transferred the case to the circuit court. In July 1994 the State, on behalf of the mother, filed a motion to add C.J., the man who was married to the mother at the time that the child was bom, as a party defendant and to give him notice of the proceedings. The motion was granted.
A hearing was held in August 1994. Thereafter, the trial court issued an order, wherein it found that S.L.C. was the father of the child and was obligated to pay child support in accordance with the provisions of the order.
S.L.C. appeals.
Our review of the record reveals the following pertinent facts: The mother and C.J. were married in 1974 and separated in 1982. The mother filed for divorce from C.J. in 1991. When the mother filed for divorce from C.J., she signed a sworn affidavit, which stated that her three minor children, N.J., C.M.J. and S.J., were bom of the marriage. One of these children, C.M.J. (child) is the subject of the present paternity proceedings, which were filed in January 1991. The child was bom August 6,1978, during the mother’s marriage to C.J.
The final judgment of divorce was entered in January 1992, and the mother is currently married to F.S. In April 1994 the circuit court entered an amendment to the final judgment of divorce, after reviewing a motion for relief from judgment filed by the mother. The 1994 amendment to the final decree stated, in pertinent part:
“Upon review of the motion, the court is of the opinion that the court was without personal jurisdiction over [C.J.] since service was had by publication without appropriate allegations that [C.J.] was avoiding service. Without such personal jurisdiction those portions of the court order dealing with paternity, support, and the custody and control of the minor children [were] void and without effect.”
On appeal S.L.C. contends that the present paternity action could not be maintained because, he says, (1) it is presumed, pursuant to Ala.Code 1975, § 26-17-5(a)(1), that C.J. is the child’s father and, therefore, responsible for her support and maintenance and (2) this action is barred under the provisions of Ala.Code 1975, § 26-17-6(a). S.L.C. argues on appeal that if the courts allow the present paternity action to be filed and tried after the expiration of the five-year statute of limitations, such action permits the parties to circumvent the purpose of § 26-17-6(a).
We would note that in the present case the mother filed the paternity action in January 1991, while she was still married to C.J., the child’s presumed father. This court has previously held that the mother of a child may attempt to overcome the presumption that her husband is the father of a child who was born during their marriage. D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App.1991); State ex *122 rel. Goodno v. Cobb, 667 So.2d 376 (Ala.Civ.App.1990).
Although S.L.C. did raise the statute of limitations issue in one of his amended answers, he never specifically stated that the statute of limitations was five years, and he failed to refer to the specific code section, § 26-17-6(a), in any of his pleadings or oral arguments before the trial court. Further, our review of the record reveals that while S.L.C. orally argued some of the defenses raised in his pleadings, he failed to specifically raise the five-year statute of limitations issue or request that the trial court rule on this issue.
It is well settled that an appellate court will not consider an issue that has not been properly raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983). Consequently, in this instance, we will not address the issue of the statute of limitations in this appeal.
In her attempt to rebut the presumption that C.J. was the father of the child, the mother had an extremely heavy burden and was required to present clear and convincing evidence to overcome the presumption. D.D., 600 So.2d 265. However, our review of the record reveals that the mother met her burden of rebutting the presumption in this case. In addition to the results from the blood tests, which excluded the presumed father and included S.L.C. as the child’s biological father, the following evidence was presented to the trial court: The mother and S.L.C. engaged in sexual intercourse without using any birth control method during the time when the child was conceived; S.L.C. came to the hospital when the child was bom; S.L.C. visited the mother and child and held the child during these visits; S.L.C. brought various members of his family to meet the child; S.L.C. wrote a letter to the child in March 1990, wherein he acknowledged that he was her father; S.L.C. bought presents for the child, took her on outings with members of his family, and gave her money; and it was generally accepted in the community that S.L.C. was the child’s father.
In light of the above, we cannot find that the trial court committed reversible error when it determined S.L.C. to be the child’s father and ordered him to pay support and maintenance for the child.
The trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.