The petitioners seek a writ of mandamus directing Judge John M. Steensland, Jr., to deny a jury trial of a case pending in the Houston Circuit Court. However, the dispositive issue here is one of proper jurisdiction.
In 1993, the State of California, on the relation of Freddie Millender, the mother (referred to hereinafter as "Millender"), sued Richard Lee Sheffield under the Uniform Reciprocal Enforcement of Support Act ("URESA"), asking the court to order Sheffield to pay support for a child Millender alleged had been fathered by Sheffield. Additionally, Millender asked that paternity be established, because it had not been previously determined whether Sheffield was indeed the father of the child.
Sheffield moved to dismiss, arguing that the Family Court Division of the Houston Circuit Court, where the action was filed, did not have jurisdiction over the action, because he said, proper jurisdiction would be in the Juvenile Court of Houston County under the provisions set out in URESA, § 30-4-88(a), Ala. Code 1975. The court denied the motion. In the alternative, Sheffield argued that if the circuit court did have jurisdiction, he wanted a jury trial. The request for a jury trial was denied.
Sheffield petitioned the Court of Civil Appeals in October 1994, asking that court to direct the circuit court to grant Sheffield a jury trial. The Court of Civil Appeals issued a writ of mandamus directing the trial court to allow Sheffield a jury trial. In response, Millender petitioned this Court for a writ of mandamus directing the trial court to deny a jury trial.
A writ of mandamus is a drastic and extraordinary remedy. One seeking it must show a clear legal right to the order sought; an imperative duty on the respondent to perform, accompanied by a refusal to do so; the lack of another adequate remedy; and properly invoked jurisdiction of the court. Ex parte Johnson,638 So.2d 772 (Ala. 1994).
Although this case is here on a petition for a writ of mandamus directing the trial court to deny Sheffield a jury trial, we must address the question of jurisdiction.
Under § 30-4-81, Ala. Code 1975, the issue to be determined in a URESA action is whether the defendant must pay child support for a child that he fathered. A URESA action is designed to compel those who owe a duty of child support to fulfill their obligations. Ex parte O'Neill, 420 So.2d 264 (Ala. 1982). Therefore, paternity must be established before a court determines whether child support is owed.
A paternity action must be brought under the Alabama Uniform Parentage Act, § 26-17-1 et seq., Ala. Code 1975. Upon a determination of paternity or nonpaternity, the appropriate sections of URESA shall apply; see § 26-17-10(d). The facts indicate that Millender brought a URESA action asking the trial court to establish both support and paternity. It is obvious that a duty of support cannot be enforced against Sheffield until Millender establishes that Sheffield is the parent of the child.
PETITION DISMISSED.
HOOPER, C.J., and MADDOX, SHORES, and COOK, JJ., concur.