ROBERTSON, Presiding Judge.
The mother, a resident of the State of Ohio, filed a Uniform Reciprocal Enforcement of Support Act (URESA) action against E.B.M., a resident of the State of Alabama, to establish paternity of her two minor children. The trial court’s judgment, in its entirety, stated: “Upon the Plaintiff and Defendant filing briefs in this cause, the Court finds in favor of the Defendant.” The trial court did not give any reason for reaching this result. Following the denial of a post-judgment motion by operation of law, the mother and the State of Alabama appeal.
A URESA action is designed to compel those who owe a duty of child support to fulfill their obligation without having to be extradited. Ex parte O’Neill, 420 So.2d 264 (Ala.1982). Alabama URESA laws, Ala.Code 1975, § 30-4-80 et seq., provide only for the enforcement of a duty of support; there is no provision for the determination of paternity within those laws. Ex parte State of California, 669 So.2d 884 (Ala.1995).
The trial court’s judgment is due to be affirmed. When the trial court reaches the right result, even if for the wrong reason, we will affirm. Bennett v. Bennett, 454 So.2d 535 (Ala.1984). “The law is clear that a judgment must be affirmed if it is proper on any basis, even if the trial court entered the judgment for a wrong reason. Tucker v. Nichols, 431 So.2d 1263 (Ala.1983).” Upchurch v. Universal Underwriters Ins. Co., 610 So.2d 1163, 1167 (Ala.Civ.App.1992).
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.