CRAWLEY, Judge,
dissenting.
I respectfully dissent. I would rely upon Ex parte State of California, 669 So.2d 884 (Ala.1995), and dismiss the appeal.
The majority’s reliance upon Bennett, supra, would be correct if the trial court reached the right decision. The trial court did not reach the right decision because it had no authority to determine paternity in a URESA action, and thus, no authority to reach any decision. The more appropriate forum is an Alabama Uniform Parentage Act (“UPA”) action. See Ex parte State of California, supra. If the trial court lacked the jurisdiction to make a determination of paternity, its decision cannot be deemed correct. Therefore, the trial court’s judgment should be set aside as void and the appeal dismissed. See Stamps v. Jefferson County Board of Education, 642 So.2d 941, 945 (Ala.1994); Wesson v. Wesson, 628 So.2d 953, 954 (Ala.Civ.App.1993).
The majority’s affirmance of the trial court’s judgment is also erroneous because this affirmance will prevent the mother from ever challenging the issue of paternity in any action due to the doctrine of res judicata. The majority’s affirmance prevents the mother from filing the appropriate action, an action pursuant to the UPA, to challenge paternity because the trial court has determined that E.B.M. is not the father of the minor children. See Kinard v. Jordan, 646 So.2d 1380, 1388 (Ala.1994). “A judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but also of any matter that could have been litigated in that prior suit.” First State Bank of Altoona v. Bass, 418 So.2d 865, 866 (Ala.1982).
The supreme court’s pronouncement in Ex parte State of California, supra, makes it clear that an individual who is seeking to establish paternity must do so in an action under the UPA, not the URESA. The mother filed a URESA action seeking a determination of paternity, and the trial court entered a final judgment against her. The trial court made a determination on the issue of paternity, although the trial court lacked the jurisdiction to make this determination. Accordingly, the trial court did not make a correct decision, and its judgment should not be affirmed. Because the trial court lacked jurisdiction to make a determination on the issue of paternity, its judgment should be set aside as void and the appeal dismissed.