The State of Alabama, on behalf of the State of Ohio and P.C., petitioned the juvenile division of the Lauderdale County Circuit Court under the Uniform Reciprocal Enforcement of Support Act ("URESA"), Ala. Code 1975, § 30-4-80 et seq., seeking to establish the paternity of P.C.'s two minor children and to enforce the payment of child support.[1] The alleged father, E.B.M., denied paternity, arguing that the presumption of paternity that attached to G.C., P.C.'s deceased husband, could not be rebutted. (The minor children were born during the marriage of G.C. and P.C.) The case was submitted to the trial court on briefs and on evidence, including blood tests requested by the alleged father that indicated a 99.97% probability that he was the biological father of the minor children. No hearing was held. The trial court, without elaboration, found for the alleged father. The Court of Civil Appeals affirmed, without addressing the merits of the trial court's finding of paternity. Rather, the Court of Civil Appeals, in a 4-1 opinion, held that pursuant toEx parte State of California, 669 So.2d 884 (Ala. 1995), the trial court had no jurisdiction to determine paternity within the confines of a URESA action and that the trial court's judgment for E.B.M., the alleged father, was due to be affirmed on that ground:
 "A URESA action is designed to compel those who owe a duty of child support to fulfill their obligation without having to be extradited. Alabama URESA laws, Ala. Code 1975, § 30-4-80 et seq., provide only for the enforcement [of] a duty of support; there is no provision for the determination of paternity within those laws.
 "The trial court's judgment is due to be affirmed. When the trial court reaches the right result, even if for the wrong reason, we will affirm."
State ex rel. State of Ohio v. E.B.M., 718 So.2d 663
(Ala.Civ.App. 1996). (Citations omitted.) *Page 666 
According to the dissent, authored by Judge Crawley, this Court's pronouncement in Ex parte State of California made it clear that an individual seeking to establish paternity must do so in an action under the Alabama Uniform Parentage Act ("UPA"), not under URESA. Although the dissent agreed with the majority's conclusion that, pursuant to Ex parte State of California, the trial court lacked jurisdiction to determine paternity in a URESA action, it would have set aside the judgment as void and dismissed the appeal, because, it said, if the trial court lacked the jurisdiction to determine paternity, its decision could not have been deemed correct and the judgment should have been set aside and the appeal dismissed. The dissent also expressed concern over the res judicata effect of the affirmance — that because the trial court determined that the alleged father was not the biological father of the minor children, the majority's affirmance will prevent the mother from ever challenging the issue of paternity in an appropriate action pursuant to the UPA.
Citing Ala. Code 1975, § 26-17-10 (d), a part of the UPA, and Ex parte State of California, the State has petitioned for certiorari review, arguing that the Court of Civil Appeals erred in holding that the trial court lacked jurisdiction to make a determination of paternity. The State does not contest or challenge the finding in Ex parte State of California that, where necessary, paternity must be established before the entry of an order of support. However, it is the State's position that the Court of Civil Appeals misinterpreted the decision in Ex parte State of California — that that case does not hold that the establishment of paternity cannot be obtained through an action filed under URESA. Rather, the State asserts that "the establishment of paternity through URESA is clearly available under Alabama statutory law" — that pursuant to § 26-17-10
(d), "paternity may be established through URESA, provided the provisions of the UPA are followed and applied in [an] interstate paternity case." According to the State, although Alabama's URESA statute does not specifically address the establishment of paternity, § 26-17-10 (d) of the UPA addresses and specifically provides for the establishment of paternity through Alabama's URESA process, which is a procedural mechanism for the enforcement of duties of support but which does not provide additional substantive grounds for determining the existence of a duty of support. In other words, the State contends that the legislature has, through the State's child support enforcement and paternity statutes, provided a procedure for establishing paternity and the underlying duty of support in an interstate case, and that the holding in Ex parte State of California did not abrogate, or waver from, those principles of law. We agree.
Section 26-17-10 (d) reads as follows:
 "A defendant who resides in this state thereby submits to the jurisdiction of the courts of this state as to a uniform reciprocal enforcement of support action filed in this state by an initiating state for the purpose of establishing paternity. If the defendant asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both parties are present at the hearing or if proof required in the case indicates the presence of either or both is not necessary, the court shall adjudicate the issue of paternity. The appropriate provisions of this chapter shall apply to such actions. Upon determination of paternity or nonpaternity, the appropriate sections of the Reciprocal State Enforcement of Duty to Support Act (§ 30-4-80
et seq.) shall apply."
The plain meaning of § 26-17-10 (d) clearly supports the state's argument that paternity may be established through a URESA action as long as the provisions of the UPA are followed and applied. Furthermore, although a first reading of Ex parteState of California would suggest that two separate actions are required — one to determine paternity under the UPA and then, if applicable, a second to determine a duty of child support under URESA — a close and careful examination of that case, especially in light of the final result reached, indicates that Ex parteState of California does not stand for the proposition that paternity must be determined in an action filed under the UPA and then child support determined in a separate *Page 667 
action filed under URESA. Rather, in Ex parte State ofCalifornia, the Court, in determining whether the circuit court had jurisdiction over the issues of child support and paternity, and, if it did, whether the alleged father was entitled to a jury trial on the issue of paternity, merely reiterated that before a court can determine whether child support is owed and a corresponding duty of support can be enforced under URESA, paternity must first be determined in accordance with the UPA. In so indicating, the Court cited § 26-17-10 (d), which is the section of the UPA that specifically addresses and allows for the determination of paternity or nonpaternity and the corresponding duty, if any, of child support to be determined in one action.
The judgment of the Court of Civil Appeals is reversed and the case is remanded for that court to determine whether the trial court's finding for the alleged father was plainly and palpably erroneous.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
[1] When this action was filed, P.C. was a resident of Ohio and the alleged rather, E.B.M., was a resident of Alabama.