After Remand from the Supreme Court

ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed by the Supreme Court of Aabama. Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 665 (Aa.1996). In its opinion, our Supreme Court clarified its language in Ex parte State of California, 669 So.2d 884 (Ala.1995), and held that pursuant to § 26-17-10(d), Aa.Code 1975, paternity may be established through a Uniform Reciprocal Enforcement of Support Act (“URESA”) ac *668 tion, § 3ÍM-80 et seq., Ala.Code 1975, as long as the provisions of the Alabama Uniform Parentage Act (“AUPA”), § 26-17-1 et seq., Ala.Code 1975, are followed and applied. The Supreme Court has remanded the cause to this court to determine whether the trial court’s • finding for E.B.M. was plainly and palpably erroneous.
The undisputed facts in this case reveal that while P.C., the mother, and G.C., the legal father, were married, two children were conceived and born: D.C., born December 6, 1979, and P.L.C., born February 27, 1983. G.C. was named as the children’s father on the birth certificates. During the marriage, the family lived in Ohio and the mother and G.C. treated the children as his natural children. G.C. died on September 5, 1993. The mother’s URESA petition was filed against E.B.M. in the Juvenile Division of the Laud-erdale Circuit Court on November 10, 1993, more than ten years after the youngest child was born.
In her petition, the mother admitted that she was married to G.C. at the time of the conception and birth of her children; however, she alleged that she had not hád sexual intercourse with any person other than E.B.M. during the month of conception for both children. The newspaper publication of G.C.’s death listed him as the father of D.C and P.L.C. The record also contains a marriage record showing the mother’s remarriage on August 3, 1994; in that document the mother also lists G.C. as the father of D.C. and P.L.C. The mother also admitted that her children were receiving Social Security benefits as a result of G.C.’s death. Clearly, even after G.C.’s death, the mother was still holding him out as the presumed father of D.C. and P.L.C. On June 22, 1995, the trial court found in favor of E.B.M.
In accordance with our Supreme Court’s plain language that the provisions of the AUPA must be followed and applied in a URESA action to establish paternity, we find that the applicable limitations period of the AUPA, § 26-17-6(a), Ala.Code 1975, is dis-positive.
The AUPA, Ala.Code 1975, § 26-17-5, provides, in pertinent part:
“(a) A man is presumed to be the natural father of a child if any of the following apply:
“(1) He and the child’s natural mother are ... married to each other and the child is born during the marriage....”
The applicable limitations provision of the AUPA, Ala.Code 1975, § 26-17-6, reads, in pertinent part:
“(a) A child, a child’s natural mother, or a man presumed to be the child’s father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of the child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26 — 17—5(a); or
“(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) or (6) of Section 26-17-5(a).” (Emphasis added.)
Subsection (b), quoted above, is not applicable to the present case because G.C.’s presumed paternity is based on § 26 — 17—5(a)(1) and not on subdivisions (4), (5), or (6) of § 26-17-5(a). Under § 26-17-6(a), the natural mother, here P.C., had five years from the birth of each child in which to bring an action under the AUPA.
For the purpose of determining if the provisions of the AUPA were followed, we will treat the date of the filing of the URESA action, November 10, 1993, as the date applicable to § 26-17-6(a).
This court addressed the application of the five-year limitations period in § 26-17-6(a) in State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ.App.1994), writ quashed, 662 So.2d 913 (Ala.1995):
“The facts of this case are clearly within the parameters of § 26-17-5(a)(l), Ala. Code 1975. The child was born during the mother’s marriage to R.K.D., he is listed on the child’s birth certificate as the father, and R.K.D. has been the child’s presumed father during the child’s lifetime. Section 26-17-6(a) ‘carries with it a five- *669 year period of limitations, which had already ' expired before this action was brought.’ Ex parte Presse, 554 So.2d 406, 412 (Ala.1989).
“The legislature placed a five-year period of limitations on bringing an action when the child has a presumed father. ‘If a statute is not ambiguous or unclear, the courts are not authorized to indulge in conjecture as to the intent of the Legislature or to look to consequences of the interpretation of the law as written.’ Ex parte Presse, 554 So.2d at 411 (citing Clark v. Houston County Comm’n, 507 So.2d 902 (Ala.1987)). Our supreme court has held that § 26-17-6(a) is clear and unambiguous and that it carries with it a five-year period of limitations within which to bring an action. Ex parte Presse. ‘The decisions of the supreme court shall govern the holdings and decisions of [this court].’ § 12-3-16, Ala.Code 1975. Consequently, we must hold that the mother’s petition was untimely filed.”
662 So.2d at 912.
As in E.K.D., “the facts in this case are clearly within the parameters of § 26-17-5(a)(1).” Id. The record is undisputed that the mother waited more than 10 years after the birth of her youngest child before commencing this action. Thus, the mother is barred by the five-year limitations period of § 26-17-6(a) from bringing a URESA/AUPA action for the purpose of declaring the existence of the father and child relationship and challenging G.C.’s paternity. Because she is barred by the applicable provisions of the AUPA we hold that the trial court’s finding was not plainly and palpably erroneous.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur..