I would affirm the trial court's summary judgment on Rothenberger's retaliatory discharge claim. In its order, the trial court did not elaborate on the reason it entered the summary judgment in favor of Cast Products. "The law is clear that a judgment must be affirmed if it is proper on any basis."State ex rel. Ohio v. E.B.M., 718 So.2d 667, ___ (Ala.Civ.App. 1997) (quoting Upchurch v. Universal Underwriters Ins. Co., *Page 1225 
610 So.2d 1163, 1167 (Ala.Civ.App. 1992)). I do not believe Rothenberger made out a prima facie case of retaliatory discharge; thus, I would affirm the summary judgment on that basis.
Rothenberger had the initial burden of establishing a prima facie case that he was fired for an impermissible reason, that is, that he was fired because he filed a claim for workers' compensation benefits. See Twilley v. Daubert Coated Products,Inc., 536 So.2d 1364 (Ala. 1988). The evidence, viewed in a light most favorable to Rothenberger, the nonmovant, suggests that Rothenberger suffered an on-the-job injury on November 29, 1993. On that same day, he received medical treatment for his injury. Rothenberger left work early on the day of his injury; however, he missed no other time from work and required no further medical treatment because of his injury.
In January 1994, approximately two months after the injury, Rothenberger was fired from his job at Cast Products. Rothenberger testified that his supervisor told him that he had not performed all of the requirements of his job satisfactorily; however, Rothenberger testified that he did not believe his supervisor's stated reason for his dismissal. Rothenberger stated that his job-related injury was "the only reason I could come up with as a reason that they would fire me." Rothenberger also alleged that two temporary workers were fired after being injured; however, Rothenberger could not identify those workers other than to say that one was named Tim and the other had red hair.
Thus, the only evidence that Rothenberger presented in an attempt to make a prima facie case of retaliatory discharge is the timing of his dismissal and his allegation that other, unidentified temporary workers had been dismissed after suffering an injury on the job. I do not believe this evidence establishes Rothenberger's prima facie case.
Although no court has determined how much evidence a worker is required to present in order to establish a prima facie case of retaliatory discharge, I believe that more evidence is required than the mere timing of the dismissal and an unsubstantiated allegation of similar firings of unidentified coworkers. To allow this evidence to establish Rothenberger's prima facie case would require the courts to assume that an employer's motive was improper and retaliatory when it fires an employee any time after that employee is injured on the job. The Supreme Court of Alabama has stated that a court may not assume that a worker was discharged in retaliation for making a workers' compensation claim merely because the worker is fired after making that claim. Hayden v. Bruno's, Inc.,588 So.2d 874, 876 (Ala. 1991).
In Alabama, at-will employees such as Rothenberger may be fired for a good reason, for a bad reason, or for no reason.Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1121
(Ala. 1992). The Alabama legislature created an exception to this general rule by enacting § 25-5-11.1, Ala. Code 1975, which provides that a worker may not be dismissed "solely" for filing a claim for workers' compensation benefits. I do not believe Rothenberger presented evidence sufficient to create a prima facie case that he was fired solely for filing a claim for workers' compensation benefits. There is simply not sufficient evidence of a nexus between the filing of Rothenberger's claim and his dismissal two months later to allow Rothenberger to proceed with his claim for retaliatory discharge. Because I would hold that the trial court properly entered the summary judgment in favor of Cast Products, I must respectfully dissent.