After Remand from the Supreme Court

ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed by the Supreme Court of Alabama. Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 669 (Ala.1998). In its opinion, our Supreme Court held that the five-year limitations period set forth in Ala.Code 1975, § 26-17-6(a), was waived because it was neither pleaded[1] nor argued. The Supreme Court has remanded the cause for this court to determine whether the trial court’s finding in this ease was plainly and palpably erroneous. See also, Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 665 (Ala.1996); State of Alabama ex rel. State of Ohio v. E.B.M., 718 So.2d 667 (Ala.Civ.App. 1997); State of Alabama ex rel. State of Ohio v. E.B.M., 718 So.2d 671 (Ala.Civ.App.1996).
While P.C., the mother, and G.C., the father, were married, two children were conceived and born. G.C. was named as the father on the birth certificates, and, in all respects, was the children’s presumed and legal father during his lifetime. He died on September 5,1993, while still married to P.C. His obituary listed D.C. and P.L.C. as his surviving daughters, and they began receiving Social Security death benefits as the children of G.C. This action was filed by the mother some two months after the legal and presumed father died. The mother[2] seeks now to have the minor children, D.C. and P.L.C., found not to be the children of G.C., but instead to be the children of E.B.M.
One of the probable consequences of such a finding in this case will be the termination of the $1,102 monthly Social Security benefits the children presently receive as a result of their status as children of G.C. Other benefits to the children, inheritance, etc., may also be affected. Although significant interests of the minor children, including their parentage, may be adversely affected, the record reflects that the children were never made parties to this action, nor was a guardian ad litem ever appointed to represent the interests of the children.
In determining whether the trial court’s judgment was plainly and palpably erroneous, we look to the past decisions of our Supreme Court, since those decisions “govern the holdings and decisions” of this court. § 12-3-16, Ala.Code 1975. In Ex parte Martin, 565 So.2d 1 (Ala.1989), our Supreme Court addressed a similar situation where a child was born during the marriage, the husband was listed as the father on the child’s birth certificate, and the child was named as the husband’s child on his insurance papers. In regard to a divorce action, in which the trial court found the child not to be the biological daughter of the man presumed by law to be her father, and in which the child was not made a party to the action and was not represented by a guardian ad litem, the Court stated, very strongly, that the action did not afford the daughter an opportunity to prove that her legal father was indeed her father.
“Time and time again this Court has stated as follows;
“ ‘It is a long-standing rule of the common law, and one frequently recognized in this state, that a child born to a married woman is presumed to be the legitimate offspring of her husband. Carnegie v. Carnegie, 261 Ala. 146, 73 So.2d 556 (1954); Sims v. Birden, 197 Ala. 690, 73 So. 379 (1916).’
“Leonard v. Leonard, 360 So.2d 710, 712 (Ala.1978). In making that statement, we are of the opinion that a proceeding to which the child is not a party should not be able to do away with the presumption of paternity generally afforded children [with a presumed legal father].”
*673 565 So.2d at 3-4.[3]
Since its issuance, Ex parte Martin has been applied to require that when a child’s parentage and interests may be significantly affected, the child should be made a party to the action and should have a guardian ad litem appointed to represent his or her interests. See Ex parte L.F.B., 599 So.2d 1179 (Ala.1992) (judgment not binding on a child born to a married woman because the child was not joined as a party or represented by a guardian ad litem). Our Supreme Court has drawn a clear distinction between an action involving the paternity of a child born during the mother’s marriage (such a child having a legally presumed father) and a paternity action of an illegitimate child born without a presumed father; the Court has made it clear that when a child is born during the marriage and has a legally presumed father, that child must be made a party to the action and must be represented by a guardian ad litem. Id.
The case law set out above was before the trial court, and we cannot hold that the trial court’s judgment was not based on that law. Also, we cannot hold that the trial court’s judgment was not further based on what it believed to be the best interests of the minor children. See Ex parte C.A.P., 683 So.2d 1010 (Ala.1996). Consequently, we cannot hold that the trial court’s judgment was plainly and palpably erroneous.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.

. We note that attached to E.B.M.’s brief to the trial court were copies of §§ 26-17-5 and 26-17-6, Ala.Code 1975; the only part of § 26-17-6 relevant to this case is § 26-17-6(a).

. The mother is now married to W.H.V.S.; the mother, W.H.V.S., and the minor children presently reside in Lucas County, Ohio.

. We also note that E.B.M. cited Leonard, supra, in his brief to the trial court and attached a copy of that case.