726 So.2d 279 (1998)
STATE of Alabama ex rel. P.W.
v.
T.H.P.
B.M., By and Through his guardian ad litem, Jenny L. McLeroy
v.
T.H.P.
2970319, 2970463.
Court of Civil Appeals of Alabama.
May 22, 1998.
Rehearings Denied June 26, 1998.
Certiorari Denied November 20, 1998.
J. Coleman Campbell and Lois Brasfield, asst. attys. gen., Department of Human Resources, for State of Alabama ex rel. P.W.
Jenny L. McLeroy of Eyster, Key, Tubb, Weaver & Roth, Decatur, guardian ad litem.
David B. Cauthen of Cauthen & Cauthen, Decatur, for appellee.
Alabama Supreme Court 1971788 and 1971804.
WRIGHT, Retired Appellate Judge.
In 1976 P.W. (mother) married E.D.M. (exhusband). In 1980 the mother gave birth to a son, B.M. (child). In 1981 the mother gave birth to another son. The mother and the ex-husband were divorced by the Morgan County Circuit Court on April 3, 1985. The divorce judgment incorporated an agreement entered into between the parties. The agreement stated that although two children were born during the marriage, the ex-husband was not the natural father of either child. The agreement also provided that the mother made no claim for child support and that the ex-husband made no claim for visitation rights. The mother remarried in 1986.
*280 In 1994 the State, on behalf of the child, filed a complaint against the ex-husband, seeking an adjudication of paternity and child support. After blood test results excluded the ex-husband as the father of the child, the State dismissed the action. On February 28, 1995, the State, on behalf of the mother, filed in the Morgan County Juvenile Court a complaint against T.H.P., seeking an adjudication of paternity and child support. T.H.P. answered, asserting as an affirmative defense the five-year statute of limitations set forth in § 26-17-6, Ala.Code 1975. The juvenile court, sua sponte, appointed a guardian ad litem to represent the interests of the child. Thereafter, the State added the ex-husband as a defendant. The State filed a motion to have both T.H.P. and the ex-husband submit to genetic testing, which the juvenile court granted. Both T.H.P. and the ex-husband filed motions to alter, amend, or vacate the order requiring them to submit to genetic testing. The State filed another motion to have T.H.P. and the ex-husband submit to genetic testing, which the juvenile court again granted. T.H.P. again filed a motion to alter, amend, or vacate the order. T.H.P. filed a motion to join the child as a plaintiff. The juvenile court granted T.H.P.'s motion.
On January 29, 1997, the juvenile court entered a judgment, finding T.H.P. to be the father of the child, based on the mother's testimony and T.H.P.'s refusal to submit to genetic testing. The juvenile court ordered T.H.P. to pay $200 per month in child support. T.H.P. filed a notice of appeal to the Morgan County Circuit Court, for a trial de novo.
The State again filed a motion for genetic testing. T.H.P. filed a motion for a summary judgment, asserting that the paternity action was barred by the five-year statute of limitations set forth in § 26-17-6. The child's guardian ad litem filed a response in opposition to T.H.P.'s motion. The trial court entered an order, granting the State's motion for genetic testing; however, it delayed the testing until a ruling had been made on the summary judgment motion. The trial court also requested the parties to submit additional legal authority.
Following the parties' submission of letter briefs, the trial court entered a summary judgment in favor of T.H.P., stating in pertinent part:
"II. Parties' Contentions

"[T.H.P.] asserts in his motion for [a] summary judgment that the child had a presumed father, [the ex-husband], and that the five-year statute of limitations set forth in § 26-17-6(a) bars the child's action brought more than five years after the child's birth.
"[The ex-husband] asserts that he is not the child's biological father as evidenced by the genetic testing report dated August 10, 1994, which excluded him as the father of [the child].
"The [State] and the minor child, through his guardian ad litem, assert the [1985 divorce judgment] involving [the mother and the ex-husband] rebutted the presumption that [the ex-husband] was the father of the minor child ... born during the marriage of his mother and [the exhusband], notwithstanding the fact that the minor child was not made a party to the divorce action and no guardian ad litem was appointed to represent his interests therein. These parties further assert that, since the presumption of paternity was rebutted, the child has no presumed father, and the five-year statute of limitations set forth in § 26-17-6(a) is not applicable and is not a bar to the child's paternity action brought in 1995 against [T.H.P.]. These parties further assert that [T.H.P.] does not have standing to raise the issue of the non-binding effect on the minor child of the paternity determination made in the divorce action.
"III. Order

"The court has carefully considered the pleadings, the parties' positions, and the excellent briefs filed by the parties in support of their respective positions and enters the following order:
"...`[A] paternity adjudication in a divorce action, which is necessary for the purposes of support and maintenance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party.' Powers v. State, 622 *281 So.2d 400, 401 (Ala.Civ.App.1993). Accordingly, as to [the child], the divorce [judgment] did not rebut the presumption of paternity established by § 26-17-6(a) that [the ex-husband] was his father. See S.E.B. v. J.H.B., 605 So.2d 1230, 1233 (Ala. Civ.App.1992). Contrary to the arguments of the [State] and the guardian ad litem, the child's lawsuit to establish paternity filed against [the ex-husband] in 1994 evidenced the child's acknowledgement that the divorce [judgment] did not rebut the presumption that [the ex-husband] was his father. The court is not aware of any final order in any action in which the child was a party that affirmatively ruled [the exhusband] was not the father of [the child], and [the ex-husband] remains his presumptive father.
"The child cannot now claim in his action against [T.H.P.] that the divorce [judgment] rebutted the presumption that [the ex-husband] was his father. The child cannot assert inconsistent positions that as to him and [the ex-husband], the divorce [judgment] did not rebut the presumption of paternity but as to him and [T.H.P.], the divorce [judgment] did rebut the presumption of paternity.
"The child argues that application of § 26-17-6(a) would effectively prevent him from ever litigating the issue of his paternity. The legislature enacted the five-year statute of limitations set forth in § 26-17-6(a), and the statute has not been declared unconstitutional."
The trial court made its order final and appealable, pursuant to Rule 54(b), Ala. R. Civ. P.
The State and the guardian ad litem appeal. The guardian ad litem contends (1) that the child does not have a presumed father and that, therefore, § 26-17-6(a) is not applicable; (2) that the five-year statute of limitations set forth in § 26-17-6(a) violates the child's right to equal protection guaranteed by the United States Constitution; and (3) that the five-year statute of limitations of § 26-17-6(a) is preempted by federal law. The State contends that the trial court erred in finding that the paternity action was barred by the five-year statute of limitations set forth in § 26-17-6(a) and that [T.H.P.] did not have standing to challenge the divorce judgment, which rebuts the presumption of paternity.
With regard to the guardian ad litem's second and third issues, the guardian ad litem failed to raise these issues before the trial court. "This court cannot consider arguments raised for the first time on appeal; rather our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (citations omitted). Therefore, we will not address the guardian ad litem's second and third issues.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala. Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id. In this case the facts are undisputed; therefore, we must determine whether the trial court misapplied the law to the undisputed facts. Craig Constr. Co. v. Hendrix, 568 So.2d 752 (Ala.1990).
Section 26-17-6(a), provides as follows: "A child, a child's natural mother, or a man presumed to be its father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a)...." It is undisputed that at birth the child had a presumed fatherthe mother and the ex-husband were married at the time of the child's birth.
The guardian ad litem and the State argue that the presumption of paternity was destroyed by the divorce judgment that incorporated the agreement between the mother and the ex-husband, which stated that the ex-husband was not the biological father of *282 the mother's two children. We find this argument to be without merit.
In a factually similar case, Ex parte Martin, 565 So.2d 1, 4 (Ala.1989), our supreme court stated that "a proceeding to which the child is not a party should not be able to do away with the presumption of paternity generally afforded children in Kailah's situation." Kailah's mother, Johnnie, was married to Raymond V. Martin when Kailah was born. The parties later separated and divorced. The divorce judgment incorporated an agreement entered into between the parties, in which they agreed that Kailah was not Raymond's child. Kailah was not a party to the divorce action, nor was she represented by a guardian ad litem. Thereafter, Raymond was killed in an automobile accident. Kailah filed a claim against Raymond's estate, contending that Raymond was her father and that she was entitled to part of the proceeds from any wrongful death action. The probate court determined that Raymond was not Kailah's father. Kailah's guardian ad litem appealed. Our supreme court determined that the divorce judgment did not destroy the presumption that Raymond V. Martin was Kailah's father.
This court, in Powers v. State, 622 So.2d 400, 401 (Ala.Civ.App.1993), stated, "[A] paternity adjudication in a divorce action, which is necessary for purposes of support and inheritance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party."
The presumption of paternity "may be rebutted in an appropriate action only by clear and convincing evidence." § 26-17-5(b), Ala. Code 1975. "The presumption of paternity is rebutted by a court decree establishing paternity of the child by another man." § 26-17-5(b). In this case the child was not a party to the divorce action, nor was he represented by a guardian ad litem in the divorce proceeding; therefore, the child is entitled to a presumption of paternity. The record is devoid of any evidence that the State, on behalf of the child, or that a guardian ad litem for the child filed an action to establish paternity or to rebut the presumption of paternity before the child's fifth birthday. Therefore, we conclude that the child has a presumed father, the ex-husband, and that the child's paternity action against T.H.P. is barred by the five-year statute of limitations set forth in § 26-17-6(a). See Ex parte State ex rel. State of Ohio, 718 So.2d 669 (Ala.1998); State ex rel. T.L.K. v. T.K., 723 So.2d 69 (Ala.Civ.App.1998); State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ. App.1994).
With regard to the State's contention that T.H.P. could not assert the presumption of paternity as a defense, we find this argument to be without merit. The presumption of paternity and the five-year statute of limitations set forth in § 26-17-6(a) is an affirmative defense that must be affirmatively pleaded, which T.H.P. did. See Ex parte State ex rel. State of Ohio, 718 So.2d 669 (Ala.1998); State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ.App.1994). Therefore, we conclude that the trial court did not misapply the law to the undisputed facts.
The judgment of the trial court is due to be affirmed. The guardian ad litem's request for an attorney fee is granted in the amount of $1,000. Costs are taxed against the State.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
MONROE and THOMPSON, JJ., concur.
YATES and CRAWLEY, JJ., concur specially.
ROBERTSON, P.J., concurs in the result.
YATES, Judge, concurring specially.
I dissented from the main opinion in State ex rel. E.K.D. v. M.R.W., 662 So.2d 910, 913 (Ala.Civ.App.1994), because I did not agree with Judge Robertson's interpretation of § 26-17-6(a), Ala.Code 1975. Our supreme court has recognized that the opinion in State ex rel. E.K.D. was a correct statement of the law regarding § 26-17-6(a); therefore, I concur with the opinion in this case. See Ex *283 parte State ex rel. State of Ohio, 718 So.2d 669 (Ala.1998).
CRAWLEY, J., concurs.