CRAWLEY, Judge,
dissenting.
I must respectfully dissent from the adoption of the doctrine of pre-birth abandonment. After considering the issue in prior cases like D.C. v. C.O., 721 So.2d 195 (Ala.Civ.App. 1998), and B.F. v. L.J., 771 So.2d 1029 (Ala.Civ.App.1999), I have concluded that Alabama law simply does not permit a man’s inaction prior to having proof of his paternity to serve as a basis for finding him unfit (D.C.) or concluding that he impliedly abandoned his child while establishing paternity or prior to the child’s birth (B.F.). As I stated in my dissent in B.F., “[t]o abandon a child, a parent must have a right and an obligation to that child.” B.F., 771 So.2d at 1032.
“In the past, the paternity of an illegitimate child was established by what was commonly called a ‘bastardy’ proceeding. See Keener v. State, 347 So.2d 398 (Ala. 1977); see also Ex parte University of South Alabama, 541 So.2d 535, 540 (Ala. 1989) (Maddox, J., dissenting), (explaining that the law has always placed the responsibility for the maintenance and support of a minor child on the natural father of that child, once paternity was established). Once paternity was established in a such a proceeding, the father became subject to ‘all the obligations for the care, maintenance and education of the child as are imposed upon fathers of legitimate children.’ Keener, 347 So.2d at 401. The reverse must also be true: until paternity is proven, a man is not subject to ‘all the obligations for the care, maintenance and education of the child as are imposed upon fathers of legitimate children.’ Id. Our supreme court has stated that paternity must be established before a duty of support arises in the father. Ex parte State of California, 669 So.2d 884, 885 (Ala. 1995). Likewise, the other duties to a child incumbent upon a father do not arise until a man is proven to be the father.
“If a man has no duty to a child during the period before he is determined to be the father of that child, how can he fail to fulfill that duty by any action or inaction on his part? ... A man who has not yet been legally determined to be the father of a child, even if he is the putative father, is not a legal parent; he is not subject to ‘all the obligations for the care, maintenance and education of the child as are imposed upon fathers of legitimate children.’ Keener, 347 So.2d at 401.”
B.F., 771 So.2d at 1032.
In my opinion, C.V. had no duty to support his child before his paternity was established. See Ex parte State of California, 669 So.2d at 885. Therefore, he could not have impliedly abandoned the child by failing to provide support prior to the child’s birth.
I recognize that not only Florida, but a number of other jurisdictions have accepted the doctrine of pre-birth abandonment. [1] However, many of those jur *699 isdictions, like Florida, have statutes specifically allowing abandonment to be decided on the basis of the father’s pre-birth conduct. See generally Comment, When Is a Biological Father Really a Dad? 24 Pepp. L.Rev. 959 (1997). The Alabama Adoption Code, §§ 26-10A-1 et seq., does not expressly allow the father’s conduct before the birth of the child to be considered in determining the issue of abandonment. Moreover, the definition of “abandonment” in § 26-10A-2(1), Ala.Code 1975, would seem to preclude a consideration of the father’s treatment of, or attitude toward, the unborn child. Section 26-10A-2(l) defines “abandonment” as:
“[a] voluntary and intentional relinquishment of the custody of a minor by [a] parent, or a withholding from the minor, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance, or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or the failure to perform the duties of a parent.”
(Emphasis added.) A “minor” is “[a] person under the age of 19.” § 26-10A-2(7), Ala.Code 1975. In view of the legal principle that an unborn child is not considered a “person,” see, e.g., Roe v. Wade, 410 U.S. 113, 156-59, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), I do not see how the definition of “abandonment” in § 26-10A-2(1) can be expanded to include conduct that occurs before the birth of the child. In any event, this court is not the body to decide that the definition can, or should, be expanded. That decision is up to the legislature or the Alabama Supreme Court.
I would reverse the judgment of the trial court and hold that Alabama does not recognize pre-birth abandonment.

. California: See Adoption of Michael H., 10 Cal.4th 1043, 898 P.2d 891, 43 Cal.Rptr.2d *699 445 (1995), cert. denied sub nom. Mark K. v. John S., 516 U.S. 1176, 116 S.Ct. 1272, 134 L.Ed.2d 219 (1996).
Minnesota: See In re C.M.A., 557 N.W.2d 353 (Minn.App. 1996).
New York: See Robert O. v. Russell K., 80 N.Y.2d 254, 604 N.E.2d 99, 590 N.Y.S.2d 37 (1992).
Nevada: See Matter of Carron, 114 Nev. 370, 956 P.2d 785 (1998).
Wisconsin: See In Interest of Baby Girl K., 113 Wis.2d 429, 335 N.W.2d 846 (1983).
In addition, the following additional states have adopted the Uniform Adoption Act: Arkansas, Louisiana, Montana, North Dakota, Ohio, and Oklahoma. Section 3-504 of the Act (9 U.L.A. 52) allows for a finding of pre-birth abandonment based on the father's conduct during the mother's pregnancy. See Comment, When Is a Biological Father Really a Dad? 24 Pepp. L.Rev. 959 at nn. 128-32 (1997).