ROBERTSON, Presiding Judge,
concurring in the result only.
The mother’s second paternity action against J.G.Y., brought over five years after the birth of the child (which birth occurred within 300 days after the termination by divorce of the mother’s marriage to the former husband), was untimely. “[T]he five-year limitations period applies in an action brought to determine the existence of the father-and-child relationship when a child has a presumed father, as set forth in § 26-17-5(a)(l)[, Ala.Code 1975].” Ex parte State. ex rel. State. of Ohio, 718 So.2d 669, 670 (Ala.1998); accord, State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ.App.1994), cert. quashed, 662 So.2d 913 (Ala.1995); State ex rel. T.L.K., 723 So.2d 69, 70-71 (Ala.Civ.App.1998) (affirming dismissal of paternity action by mother against former husband that was not brought within five years of child’s birth); State ex rel. P.W. v. T.H.P., 726 So.2d 279, 281-82 (Ala.Civ.App.1998) (affirming summary judgment entered against mother and child in favor of putative father in paternity action where that action was not filed until 14 years after child’s birth). Moreover, because the main opinion (correctly) concludes that the judgment in favor of J.G.Y. is due to be affirmed on other grounds, the portion of the main opinion addressing the statute-of-limitations issue constitutes unnecessary dicta. Therefore, I concur only in the result.