CRAWLEY, Judge.
D.S.M., Jr., appeals from a judgment finding him to be the father of K.M. and ordering him to pay $550 per month in child support. We affirm.
L.M. (“the wife”) and D.M. (“the husband”) were married in 1974. Three children were born during the marriage. The two older children have reached the age of majority. The youngest child, K.M., a 10-year-old girl, was born on October 1, 1991. In September 1999, shortly before KM.’s eighth birthday, the wife filed a complaint for divorce. While the divorce proceeding was pending, the wife informed the husband that he was not KM.’s biological father, that she had had an affair with D.S.M. eight years earlier, and that D.S.M. was K.M.’s father. On August 25, 2000, the trial court ordered the husband, wife, and child to submit to blood testing. The results of the blood tests were filed with the court on September 25, 2000. The tests excluded the husband as the father of K.M. At that point, the husband did not persist in maintaining the parental presumption of § 26-17-5(a)(l), Ala.Code 1975.[1] D.S.M. voluntarily submitted to paternity testing; the test indicated that he was the biological father of the child.
The trial court appointed a guardian ad litem (“GAL”) for the child. The GAL moved to add D.S.M. as a third-party defendant, and the trial court granted that motion on February 6, 2001. Asserting a statute-of-limitations defense, D.S.M. moved for a judgment on the pleadings on February 23, 2001. The trial court denied that motion on March . 5, 2001. The trial court rendered a judgment of divorce on June 19, 2001. The judgment states, in pertinent part:
“That the third-party defendant, [D.S.M.], Jr. is the legal father of [K.M.] and the [husband, D.M.] shall have no legal responsibility towards her. This court finds that the purpose of paternity testing between the parties only arose after the [wife] informed the [husband] that he was not [KM.’s] father, and as such, was to establish the non-existence of a relationship between [K.M.] and [the husband] presumed on account of the ... marriage of [the' wife and husband] and as such, the five-year statute of limitations imposed pursuant to § 26-17-6(a), Ala.Code 1975, does not apply. *1142 Ex parte Jenkins, 723 So.2d 649 (Ala.1998).”
The trial court awarded custody of K.M. to the wife and ordered D.S.M. to pay $550 per month in child support. D.S.M. appeals, arguing that the five-year statute of limitations set out in § 26 — 17—6(a) bars any action to establish his paternity as to KM.
Section 26-17-6, as it read before the recent amendment, effective August 1, 2000,[2] provides:
“(a) A child, a child’s natural mother, or a man presumed to be the child’s father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of the child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26 — 17—5(a); or
“(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) or (6) of Section 26-17-5(a).
“(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.
“(d) If an action under this section is brought before the birth of the child, all proceedings shall be stayed until after the birth, except service of process and the taking of depositions to perpetuate testimony.
“(e) If the child has been adopted, an action may not be brought.”
(Emphasis added.)
The trial court was correct in concluding that “the five-year statute of limitations imposed pursuant to § 26-17-6(a), Ala.Code 1975, does not apply” because the action was one to establish the nonexistence — rather than the existence — of the father and child relationship between the husband and K.M. Because K.M. was born during the husband’s marriage to K.M.’s mother, the husband is the man presumed, under subdivision (1) of § 26 — 17—5(a), to be K.M.’s father. When the trial court granted the GAL’s motion to add D.S.M. as a third-party defendant in the divorce between the husband and the mother, the action became one to declare the nonexistence of the father-child relationship between the husband and K.M. The five-year limitations period of § 26-17-6(a) applies only to actions seeking to declare the existence of a father and child relationship between a man and a child born during that man’s marriage to the child’s mother. See Ex parte Jenkins, 723 So.2d 649 (Ala. 1998).
*1143 “Section 26-17~6(a) expressly limits to five years after a child’s birth an action to declare the ‘existence’ of the father and child relationship presumed under § 26-17-5(a)(l), (2), or (3). Had the Legislature intended the same five-year limitations period to apply to an action to establish the ‘non-existence ’ of the relationship, it would have included the term ‘non-existence’ in § 26-17-6(á), as it did in § 26-17-6(b). The choice to exclude the word ‘non-existence’ in § 26-17-6(a) indicates that the Legislature did not intend to impose a strict five-year limitations period on actions brought to challenge a presumption of paternity.”
Jenkins, 723 So.2d at 653. See also J.N.H. v. N.T.H., 705 So.2d 448, 452 (Ala.Civ.App.1997) (holding that when the husband, who was presumed under § 26-17-5(a)(1) to be the father of the child, sought to establish the nonexistence of the parent-child relationship between himself and the child, the five-year limitations period did not apply). Cf. State ex rel. T.L.K v. T.K., 723 So.2d 69 (Ala.Civ.App.1998) (holding that when the State sought to establish the existence of a father-child relationship presumed under § 26-17-5(a)(l) because the child was born within 300 days of the man’s divorce from the child’s mother, the five-year limitations period barred the action). But cf. Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 669 (Ala.1998) (stating, in dictum, that when the State sought to establish the nonexistence of a father-child relationship between children and mother’s deceased husband, who was the presumed father under § 26-17-5(a)(1), the five-year limitations period would have barred the action, had it been raised as an affirmative defense); J.P.C. v. O.C.B., 797 So.2d 485 (Ala.Civ.App.2000) (holding that when the mother sought to establish the nonexistence of a father-child relationship between the former husband and a child born during the mother’s marriage to the former husband, the five-year limitations period barred the action); State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ.App.1994) (holding that when the mother sought to establish the nonexistence of a father-child relationship presumed under § 26-17-5(a)(l), the five-year statutory limitations period barred the action).
As Ex parte Jenkins, supra, makes clear, the only actions barred by the statutory limitations period set out in § 26-17-6(a) are those seeking to declare the existence of a father-child relationship presumed under § 26-17-5(a)(l), (2), or (3). Therefore, based on Ex parte Jenkins and the unmistakably clear language of § 26-17-6(a), it is obvious that the present action was not barred by the five-year limitations period, as the trial court correctly determined. It is also obvious that this court’s decisions in J.P.C. v. O.C.B., 797 So.2d 485 (Ala.Civ.App.2000), and State ex rel. E.K.D. v. M.R.W., 662 So.2d 910 (Ala.Civ.App.1994), were incorrectly decided and should be overruled. See J.P.C. v. O.C.B., 797 So.2d at 491-95 (Crawley, J., dissenting). The statements in Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 669 (Ala.1998),. expressing approval of this court’s decision in State ex rel. E.K.D. v. M.R.W., were dicta.
The judgment of the Jefferson Circuit Court is affirmed.
AFFIRMED.
PITTMAN, J., concurs.
YATES, P.J., concurs specially.
THOMPSON and MURDOCK, JJ., concur in the result.

. In Ex parte Presse, 554 So.2d 406 (Ala.1989), our supreme court held that as long as a man presumed to be the father by virtue of marital relationship persists in maintaining that presumption, no party has standing to challenge it.

. Among other things, the amendments removed the five-year statute of limitations for actions brought pursuant to § 26-17-6(a). Subsection (a) currently reads:
“(a) A child, a child's natural mother, or a man presumed to be the child's father under subdivision (1), (2), or (3) of Section 26~17-5(a), may bring an action at any time for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a), but for purposes of support, the action shall be brought before the child reaches the age of 19.”
(Emphasis added.) Our disposition of this case makes any discussion of the effect of the amendment on D.S.M. unnecessary.