PITTMAN, Judge,
concurring in the result.
I concur in the result to affirm for the reasons stated in Judge Murdock’s opinion curring in the result. I write specially to note a potential additional reason why B.NP.’s Rule 60(b), Ala. R. Civ. P., motion was not proper. There is a tension between the language that appears in two opinions of the Alabama Supreme Court, Ex parte State of Alabama ex rel. State of Ohio, 718 So.2d 669 (Ala.1998), and Ex parte Jenkins, 723 So.2d 649 (Ala.1998), regarding whether § 26-17-6(a), Ala.Code 1975, “applies in an action brought to determine the existence of the father-and-child relationship when a child has a presumed father, as set forth in § 26-17-5(a)(1).” Ex parte State ex rel. Ohio, 718 So.2d at 670. Although a majority of this court indicated in D.S.M. v. L.M., 854 So.2d 1140, 1143 (Ala.Civ.App.2002), that the Supreme Court’s statements regarding § 26-17-6(a) in Ex parte State ex rel. Ohio “were dicta,” the Alabama Supreme Court, in quashing its writ of certiorari, stated that its decision “should not be taken as an expression of approval” regarding our reasoning in D.S.M. v. L.M. Ex parte D.S.M., 854 So.2d 1145, 1145 (Ala.2003).
If, under Ex parte State ex rel. Ohio, § 26-17-6(a) may properly be said to govern an action seeking a declaration of paternity or nonpaternity when a child has a presumed father under § 26-17-5(a)(1), B.N.P.’s Rule 60(b) motion would be time-barred. B.N.P. took no action to seek a declaration regarding the presumed father’s paternity within five years of birth, and § 26-17-6(a), at the time of B.NP.’s birth in 1991, required that a child bring an action within five years of birth “for the purpose of declaring the existence of the father and child relationship presumed under” § 26-17-5(a)(1). The Legislature did not repeal that portion of § 26-17-6(a) setting forth the five-year limitations period until 2000, by which time the limitations defense had fully accrued in this case, and the legislative repeal of the five-year limitations provision could not properly be applied retroactively so as to save B.N.P.’s claims. See Ala. Const.1901, § 95, and Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala.1981).